## DANIEL B. STEVENS *vs.* WILLIAM BEALS.

A wife, with the consent of her husband, may indorse in her own name a promissory note made payable to her during coverture, and pass a good title to the indorsee.

The allegation in a writ that a note was indorsed to the plaintiff before action brought, is not legal evidence of that fact.

ASSUMPSIT by the indorsee against the maker of the following promissory note : " Lowell, June 8, 1848. For value received, I promise to pay Lydia H. McFarland, or order, $150 on demand, with interest. WILLIAM BEALS."

At the trial in the court of common pleas, it appeared that at the date of the note the payee was a married woman, living in this commonwealth with her husband; that her husband wrote the note, and always permitted his wife afterwards to retain possession of it. There was evidence tending to show that the defendant had promised, in presence of the payee's husband, to pay this note to the wife, whenever she wanted the money : and that the money loaned to the defendant at the time of giving the note, was given to the wife by the husband, at the time of their marriage, and had been used and loaned by her ever since. The note was indorsed by the wife in her own name, and she testified that her husband had given her the fullest assent to do as she pleased with the note, and that she was to have the note as her own; that the defendant had promised her repeatedly to pay the note.

The defendant objected, that by the indorsement of the wife no legal title passed to the indorsee, and that this action could not be maintained. But the presiding judge, *Mellen,* J. ruled that the wife, with the assent of the husband, could indorse the note so as to pass the property in it to the indorsee.

The defendant contended that there was evidence tending to show that said note was not indorsed until after the commencement of the suit. Upon this part of the case the judge instructed the jury, among other things, that as the note was

described in the writ as indorsed to the plaintiff, and as the counsel must be presumed to know the elementary principle of law, that such indorsement was necessary to the maintenance of the action, the probability that he would not so commence the action without such indorsement, was proper for the consideration of the jury in determining this part of the case.

The jury found a verdict for the plaintiff, and the defendant excepted to the foregoing rulings and instructions.

*J. G. Abbott*, for the defendant.

*B. F. Butler*, for the plaintiff.

BIGELOW, J.   Two objections only have been insisted on by the defendant in support of the exceptions in this case. The first relates to the authority of the wife, upon the facts reported, to indorse the note in suit in her own name, and thereby vest a good title thereto in the plaintiff.   There can be no doubt, that the note, having been given after marriage and during coverture, although payable to the wife, was the absolute property of the husband, and he could pass the title thereto by his own sole indorsement.   The authorities in this country are concurrent to this point.   Bingham on Inf. & Cov. 213, note.   We think it is equally clear, that a note made payable to the wife during coverture, when indorsed by the wife in her own name, with the assent and authority of the husband, passes by a good title to an indorsee ; but that without such assent and authority, no title passes by her indorsement.   The cases all turn upon this distinction.   In the leading case of *Barlow* v. *Bishop*, 1 East, 432, which decides that a married woman cannot indorse a note made payable to her in her own name, so as to pass a valid title thereto, proof of the authority or assent of the husband was wanting.   Subsequent decisions have fully recognized this distinction ; and it is now the well settled rule of law, that the assent or authority of the husband gives validity to the wife's indorsement, and enables her to pass a good title to choses in action made payable to her during coverture.   The principle upon which this distinction rests is this : The coverture of the wife creates an incapacity and disability in her to make a valid con-

tract. The assent of the husband removes this disability or sup-plies the want of capacity. She then becomes to a certain extent the agent of the husband, who is bound by her acts when done in pursuance of the authority conferred by him. Chitty on Bills, 21, 200, 201 ; 2 Bright on Husband & Wife, 42 ; *Cotes* v. *Davis*, 1 Campb. 485 ; *Prestwick* v. *Marshall*, 7 Bing. 565 and 4 Car. & P. 594 ; *Prince* v. *Brunatte*, 1 Bing. N. C. 435 ; *Miller* v. *Delamater*, 12 Wend. 433.

The case of *Savage* v. *King*, 5 Shepl. 301, which was cited and relied on by the defendant, is in conflict with the other authorities upon this point. The court put their decision in that case mainly upon the authority of *Barlow* v. *Bishop*, without adverting to the distinction created by proof of the assent of the husband to the indorsement, which seems to have escaped the attention both of the counsel and the court. We cannot, therefore, yield our assent to the authority of that case.

It was urged by the counsel for the defendant as a strong argument against the recognition of the rule of law giving effect to the wife's indorsement, when assented to and author-ized by the husband, that it might in some cases operate very greatly to the prejudice of the rights of a promisor. The argument was this : The note being given to the wife during coverture, the property in it vests absolutely in the husband, and he can sue in his own name upon it ; the indorsement of the note by the wife in her name, *ex proprio vigore*, would pass no title to it ; and therefore the recovery by the indorsee of the wife would be no bar to another recovery by the husband, unless the promisor could show the assent of the husband to her indorsement, which he might not be able to do, because the wife in an action by the husband on the note, could not be called by the promisor as a witness to prove it. But it seems to us, that this argument entirely overlooks the effect of a recovery on the note by the indorsee of the wife. The rule of law being that such indorsement is inoperative with-out the husband's assent, and passes no title to the indorsee, a recovery by such indorsee necessarily implies the husband's assent and authority, without which no recovery on it could

25 *

have been had. The indorsement, therefore, of the wife, under such circumstances, is equivalent to that of the husband. Her act becomes in law his act. The person recovering a judgment as indorsee on such a note, must claim through her husband by a title derived from him and in privity with him. He thereby becomes bound by the judgment recovered against the promisor, who can well plead it in bar, in a suit brought on the same note against him by the husband.

In the case at bar, the authority and assent of the husband of the payee to the wife's indorsement, were abundantly proved, and the instructions of the court upon this part of the case, were entirely correct and in conformity with the authorities above cited.

The other objection upon which the defendant relies is, to that part of the instructions of the court, in which the jury were directed that they might take into consideration the fact that the note was described by the plaintiff's attorney in the declaration, as having been indorsed to the plaintiff, in deciding the question whether the note was in fact indorsed before suit brought. It is quite obvious that this instruction was erroneous. One of the facts in dispute between the parties, upon which the jury were to pass was, whether the note in suit was indorsed by the payee, before the commencement of the suit. The instructions of the court went to the extent of allowing the jury to weigh as evidence, in determining a fact, the statement of that fact made by the pleader in drawing the declaration. The mere averment of a party in his own favor was thereby substituted for proof. It is manifest that this ruling was a violation of the elementary principles of evidence governing the trial of cases in a court of law. Upon this point, therefore, it is necessary to sustain the exceptions, and send the case to a new trial.

*Exceptions sustained.*